UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL ANTHONY JOHNSON, SR.,

        Petitioner,               Case Number: 12-14683
                                                       Honorable Thomas L. Ludington

v.

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING AS MOOT MOTIONS TO STAY PROCEEDINGS, AND DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Darryl Anthony Johnson, Sr., is a state inmate at the Saginaw Correctional Facility in Freeland, Michigan. He brings this habeas case under 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct. Petitioner has not properly exhausted his state court remedies and his petition will be dismissed without prejudice.

**I**

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree criminal sexual conduct. *People v. Johnson*, No. 295980, 2011 WL 1565459, at *1 (Mich. Ct. App. Apr. 26, 2011). On January 4, 2010, he was sentenced to twenty-two to thirty-five years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) denial of due process by pre-arrest delay; and (ii) trial court improperly allowed Petitioner's prior bank robbery conviction to be used for impeachment purposes. The Michigan Court of Appeals affirmed the convictions. *See Johnson*, 2011 WL 1565459.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the claims previously raised in the Michigan Court of Appeals and the following additional claims: (i) ineffective assistance of trial counsel; and (ii) prosecutorial misconduct. The Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Johnson*, 803 N.W.2d 332 (Mich. 2011), and denied his motion for reconsideration, *People v. Johnson*, 806 N.W.2d 491 (Mich. 2011).

On October 16, 2012, Petitioner filed the immediate habeas petition. He reasserts the claims previously raised in both the Michigan Court of Appeals and Michigan Supreme Court.

II

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526

U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. Petitioner raises two claims which were raised for the first time in his application for leave to appeal to the Michigan Supreme Court. A defendant has failed to "fairly present" an issue when it is raised for the first time when review is discretionary. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). An issue is not fairly presented when it is raised for the first time in the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *See Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). Petitioner must complete the state court process before seeking habeas relief in federal court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Non-prejudicial dismissal of the petition is warranted under these circumstances.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss, provided the court includes safeguards such that the dismissal will not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719–21 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, October 16, 2012, until Petitioner returns to federal court. The tolling of the limitations period is conditioned upon Petitioner's "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718.

### III

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## IV

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED** without prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

It is further **ORDERED** that Petitioner's motions to stay proceedings, ECF Nos. 5 and 6, are **DENIED** as moot.

Dated: May 31, 2013                                   s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Darryl Johnson #238036, Saginaw Correctional Facility, 9625 Pierce Road Freeland, MI 48623 by first class U.S. mail on May 31, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS

---